

# NUMBER 13-11-00355-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HINO ELECTRIC HOLDING COMPANY, L.P.
D/B/A HINO ELECTRIC POWER COMPANY,                    Appellant,

v.

CITY OF HARLINGEN,                    Appellee.

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from trial court orders granting summary judgment in favor of

appellee, City of Harlingen ("the City"), and against Hino Electric Holding Company, L.P.

d/b/a Hino Electric Power Company ("Hino"). By two issues, Hino complains that the trial

court erred in granting the City's motions for summary judgment because: (1) Hino's damages are subject to waiver of immunity provisions set forth in section 271.152 of the local government code; and (2) there is a fact issue with respect to when the "option to terminate" accrued. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). We affirm.

## I. BACKGROUND

Hino and the City entered into a master power sales agreement in which Hino agreed to provide electricity to the City from January 1, 2006 to December 31, 2006. In April 2006, Hino proposed that the City agree to a "blend and extend" option that would allow the City to lock in energy costs at a lower rate during 2007. The City opted for the extension but terminated it before it began. The "blend and extend" contract provided a continuing right for the City to terminate the contract at the expiration of each budget period during the term of the "blend and extend" contract. Hino sued the City for specific performance of the extension contract or damages for canceling the agreement. Alternatively, it sued for under-billing in 2006 because Hino had billed the City at the reduced rate rather than the original rate.

The trial court initially granted the City's motion for partial summary judgment that Hino take nothing on its claims for specific performance, lost profits, and attorney's fees. The trial court also granted the City's supplemental motion for partial summary judgment that Hino take nothing on its claims for "additional losses," actual damages, lost wages, injury to reputation, "pecuniary loss of the benefits of the contract," and exemplary damages. Finally, the trial court granted the City's second motion for summary judgment

2

with respect to claims to determine if the City had the right to terminate the option agreement and whether Hino had a claim for under-billing against the City.

We note that a case involving the same contract has previously been before this Court. *See Hino Electric Holding Co., v. Constellation Newenergy, Inc.*, No. 13-09-000657-CV, 2011 WL 1935616 (Tex. App.—Corpus Christi May 19, 2011, no pet.) (mem. op.). In our earlier opinion, we noted that the "blend and extend" contract provided a continuing right for the City to "terminate the contract at the expiration of each budget period during the term of the blend and extend contract."' *Id.* at *1. Notably, this Court stated that "the record in this case demonstrates that the City validly terminated the 'Blend and Extend' contract in accordance with its terms. Thus, there is no evidence that the City breached any contractual obligations owed to Hino." *Id.* at *5.

## II. STANDARD OF REVIEW

We review a trial court's grant of a traditional motion for summary judgment under a de novo standard of review. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *see also Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet.). To prevail on a summary judgment motion, a moving party must establish that no genuine issue of material fact exists and judgment should be granted as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). In deciding whether there is a genuine issue of material fact, we resolve any doubt against the movant, view the evidence in a light most favorable to the non-movant, and take as true evidence favorable to the non-movant. *Id.*; *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425

3

(Tex. 1997) (*citing Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)).

### III. ANALYSIS

### A. Damages

By its first issue, Hino argues that its damages are subject to the waiver of immunity provisions set forth in section 271.152 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. The City argued in its initial partial motion for summary judgment that section 271.153 of the local government code barred all of Hino's damage claims. The claims disposed of by the order granting the motion for partial summary judgment were for specific performance, lost profits, and attorney's fees. The claims disposed of in the order granting the supplemental motion were actual damages, lost wages, injury to reputation, loss of benefits of the contract, and exemplary damages.

Governmental immunity has two components (1) immunity from liability, which bars enforcement of a judgment against a governmental agency; and (2) immunity from suit, barring suit against the entity. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The City may not be sued unless the Legislature has waived immunity from suit. *Id.* at 343.

The parties apparently agree that the only waiver option potentially applicable in this case is that which is set forth in section 271.152 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. It applies to written contracts "for goods or services" provided to the governmental entity that are properly executed by the entity. *Id.* § 271.151(2). The statute then limits damages to:

> (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including

4

any amount   owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2)    the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3)    reasonable and necessary attorney's fees that are equitable and just; and

(4)    interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

(b)    Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

(1)    consequential damages, except as expressly allowed under Subsection (a)(1);

(2)    exemplary damages; or

(3)    damages for unabsorbed home office overhead.

*Id.* § 271.153.

For immunity to be waived, a claimant must assert damages recoverable under the local government code.   The City's motion for summary judgment urged that there was no waiver of immunity from suit for the damages alleged by Hino.

**1.    Specific Performance**

Hino sought damages for specific performance.   However, if an adequate remedy at law exists, specific performance is foreclosed.   *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 423 (Tex. 2011).   Additionally, section 271.153 addresses only monetary damages, not equitable remedies.   *See id.*   Regardless, Hino's claim is moot because the contract to provide power was from January through September 2007.

5

That time period has passed. Specific performance would be impossible. The trial court did not err in granting summary judgment on the specific performance claim.

### 2. Attorney's Fees

Hino also asked for attorney's fees. The City moved for summary judgment urging that immunity was not waived for attorney's fees alleged as damages.

The local government code, at the time period applicable to this case, provided that attorney's fees will not be awarded unless the written contract specifically references section 271.159. *See* Act of April 21, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Sess. Law Serv. 1548, 1550, *repealed by* Act of April 15, 2009, 81st Leg., R.S., ch. 1266, § 16, 2009 Tex. Gen. Laws 4006, 4008. Because the contract at issue here did not specifically refer to the applicable section of the government code, the trial court did not err in granting the City's motion with respect to Hino's attorney's fees claims.

### 3. Exemplary Damages, Mental Anguish, Lost Wages and Injury to Reputation

Section 271.153(b) does not permit recovery of exemplary damages, mental anguish damages, lost wages, or injury to reputation damages. *See* TEX. LOC. GOV'T CODE ANN. § 271.153. Thus, Hino could not recover its claimed damages under the limited waiver of immunity set forth in the local government code. The trial court did not err in granting summary judgment on these grounds.

### 4. Lost Profits and Consequential Damages

Section 271.153 does not allow recovery for lost profits or consequential damages unless expressly allowed by the statute. *Tooke*, 197 S.W.3d at 345–4; *City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 359 (Tex. App.—Houston [14th Dist.] 2008,

6

no pet.). Section 271.153(a) allows recovery for either (a) an amount due and owing under the contract, or (b) an amount owed for change orders or additional work the contractor is directed to perform. TEX. LOC. GOV'T CODE ANN. § 271.153(a). Consequential damages are recoverable only when expressly allowed by section 271.153(a)(1). *Id.* § 271.153(a)(1). Neither the master service agreement nor the option agreement provided that Hino could recover lost profits. Thus, Hino may not recover lost profits or consequential damages. *See Tooke*, 197 S.W.3d at 345–46. The summary judgment was properly granted on that ground.

In sum, having concluded that the trial court properly granted summary judgment on the foregoing measures of damages, we overrule Hino's first issue.

## B. Under-Billing Claim

By its second issue, Hino argues that the trial court erred in granting the second summary judgment motion that dealt with its under-billing claim. Its argument was that Hino had under-billed the City for electricity during the period of May through December 2006 in the amount of $41,136.00. Hino admitted that it deliberately failed to bill the City for the higher rate, even after the City had informed it of the error.

Hino primarily objects that paragraph three of the option agreement did not permit the City to terminate until the end of September 2007, when the extension expired. However, this Court has previously determined that the City validly terminated the option agreement and we will not revisit the issue here. *Hino Elec. Holding Co. L.P.*, 2011 WL 1935616, at *5. We overrule issue two.

7

**C. Sanctions**

Finally, we address the City's argument in its brief that we should sanction Hino for filing a frivolous appeal.   *See* Tᴇx. R. Aᴘᴘ. P. 45.   In our discretion, we choose not to grant the requested sanctions against Hino.

**IV.  Cᴏɴᴄʟᴜsɪᴏɴ**

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Delivered and filed the 28th
day of December, 2012.

8